**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


COREY ASHFORD,                   :
                                 :    Civil Action No. 06-3982 (JAG)
            Plaintiff,           :
                                 :
            v.                   :    OPINION
                                 :
MAYOR WILLIAM P. NEARY,          :
et al.,                          :
                                 :
            Defendants.          :
```

**APPEARANCES:**

Plaintiff pro se
Corey Ashford
S.S.C.F.
P.O. Box 150
Delmont, NJ 08314

**GREENAWAY, JR.**, District Judge

Plaintiff Corey Ashford, a prisoner confined at Southern State Correctional Facility in Delmont, New Jersey, seeks to bring this action in forma pauperis, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), this Court will grant Plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the Complaint.

Next, this Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for

failure to state a claim upon which relief can be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff contends that officers of the East Brunswick Police Department falsely arrested and harassed him and, as a result, he spent several months in a county jail until contempt charges against him were dismissed.  Plaintiff attaches to the Complaint a copy of the Middlesex County Superior Court Order of Dismissal.

Plaintiff also attaches to this Complaint a copy of an Order of the Honorable Jose L. Linares of this Court dismissing a related complaint against the judge and prosecutors involved in his trial.  See Ashford v. Kaplan, Civil Action No. 05-3592 (JLL).[1]  Although Plaintiff does not refer to it, he has filed another complaint challenging his arrest in this matter.  See Ashford v. Nowack, Civil Action No. 06-2026 (DMC) (dismissed for failure to state a claim).  This Court notes that this Complaint appears to be a photocopy duplicate of the complaint in Ashford

---

[1] To the Ashford v. Kaplan complaint, Plaintiff attached a copy of the opinion of the Superior Court of New Jersey, Appellate Division, detailing the arrest and prosecution which are the subject of all of these related complaints.  See State v. Ashford, 374 N.J. Super. 332 (App. Div. 2004).

v. Nowack, except that the names of the defendants in this Complaint have been altered to assert claims against the mayor, police department, and John and Jane Doe police officers of "East" Brunswick rather than "North" Brunswick.

Plaintiff seeks compensatory and punitive damages.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which a prisoner seeks redress from a governmental defendant); and 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State

> or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal

5

direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

To establish municipal liability under § 1983, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990), quoted in Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253, 269 n.16 (3d Cir.), cert. denied, 516 U.S. 915 (1995), and quoted in Woodwind Estates, Ltd. v. Gretkowski, 205 F.3d 118, 126 (3d Cir. 2000). A plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the plaintiff's injury. Monell, 436 U.S. at 689.

> A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict." Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (plurality opinion)). A custom is an act "that has not been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law." [Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997).]
>
> There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable

> under § 1983. The first is where "the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy." The second occurs where "no rule has been announced as policy but federal law has been violated by an act of the policymaker itself." Finally, a policy or custom may also exist where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.'"

Natale, 318 F.3d at 584 (footnote and citations omitted).

As the allegations of the Complaint assert liability against the Mayor of East Brunswick and the Police Department solely upon a theory of respondeat superior liability, the claims against them must be dismissed.[2]

IV. ANALYSIS

The Superior Court of New Jersey, Appellate Division, explains that this arrest arose out of an alleged violation of a temporary restraining order.

> The proofs at the trial reveal that a temporary restraining order (TRO) was entered prohibiting defendant from any "contact" with his former girlfriend, L.M., who did not testify at the trial. Defendant was served with a copy of the TRO on January 28, 2003. Nevertheless, on February 1, 2003, defendant was allegedly observed by L.M. breaking a window and trying to enter her apartment. The police were called

---

[2] For example, the Complaint asserts that the Mayor "supervises and oversees the police department" and that the Mayor "is responsible for the actions of his police officers and police department." (Complaint, ¶ 4(b).)

7

> and Officer Jeffrey Marino responded to the scene. He described L.M. as "upset" and "crying." ...

State v. Ashford, 374 N.J. Super. at 333-34. According to the Appellate Division, Plaintiff was tried on May 30, 2003, and was convicted of contempt, in violation of N.J. STAT. ANN. 2C:29-9(b), and criminal mischief, in violation of N.J. STAT. ANN. 2C:17-3a(1). 374 N.J. Super. at 333, 336. Apparently, the primary evidence against Plaintiff was given by a police officer, who testified as to statements given by the alleged victim when Officer Marino responded to the scene. Plaintiff testified on his own behalf denying all wrongdoing. The Appellate Division vacated the judgment of conviction and remanded for a new trial because Plaintiff had not been sufficiently advised of his right to counsel when he was tried as an indigent without counsel.

In light of the remand, the Appellate Division also noted the recent Supreme Court opinion Crawford v. Washington, 541 U.S. 36 (2004), which limited the use of testimonial hearsay in criminal trials. 374 N.J. Super. at 338-39. Shortly thereafter, according to the order attached to the Complaint, the State moved to dismiss the charges against Plaintiff. The charges were dismissed on February 17, 2005. Plaintiff contends that he had already spent several months in jail as a result of these dismissed charges.

Here, Plaintiff claims that he was "falsely arrested and harassed."[3] As was held by the Honorable Dennis M. Cavanaugh in Ashford v. Nowack, Plaintiff's allegations fail to state a claim for false arrest.

> It is well established in the Third Circuit that an arrest without probable cause is a constitutional violation actionable under § 1983. See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989) (citing cases); see also, Albright v. Oliver, 510 U.S. 266, 274 (1994) (a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures). To state a claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause. Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988). Thus, a defense to an unlawful arrest claim is that the police officer defendants acted with probable cause. Sharrar v. Felsing, 128 F.3d 810, 817-18 (3d Cir. 1997) (a key element of a § 1983 unlawful arrest claim is that the police officer arrested the plaintiff without probable cause); Groman[ v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995], ("an arrest based on probable cause could not become the source of a [§ 1983] claim for false imprisonment"). To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed." Lind v. Schmid, 67 N.J. 225, 262 (1975). "Probable cause ... requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt." Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995). Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an

---

[3] The Complaint sets forth no factual allegations with respect to the claim of "harassment." This Court construes the harassment claim, as did Judge Cavanaugh in Ashford v. Nowack, as being subsumed within the claim of false arrest.

> offense." Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (quoting Beck v. State of Ohio, 379 U.S. 89, 91 (1964)); Sharrar v. Felsing, 128 F.3d 810, 817 (3d Cir. 1997).
>
> Here, it is clear from the Complaint and plaintiff's attachments to his Complaint that Ashford's arrest by the police officers was based on probable cause. Namely, a complaint or accusation was made by the victim, L.M. The police had responded to her call alleging that Ashford had attempted to enter her home in violation of a TRO issued against him. Thus, under these facts, probable cause for Ashford's initial arrest is demonstrated and this claim for false arrest must be dismissed for failure to state a claim.

Ashford v. Nowack, 2006 WL 2040261, *4-5 (D.N.J. July 20, 2006) (footnotes omitted). Plaintiff did not appeal the dismissal of his complaint in Ashford v. Nowack.

In addition, this Complaint is time-barred. In Wallace v. Kato, 127 S. Ct. 1091 (2007), the Supreme Court addressed the timeliness of a false arrest claim similar to that asserted here. There, petitioner had been arrested and convicted of murder based upon an unlawfully-obtained confession, but the charges were dropped after appeal. Rejecting petitioner's effort to bring a false arrest claim after the charges were dropped, the Supreme Court held that a cause of action for false arrest and the imprisonment incident to that arrest accrues as soon as the allegedly wrongful arrest occurs and that the limitations period begins to run when that false imprisonment comes to an end, that is, when the victim becomes held pursuant to legal process - "when, for example, he is bound over by a magistrate or arraigned

on charges." The Supreme Court explicitly rejected the contention that the cause of action did not accrue until the State dropped its charges against the victim. See also Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998) (claim for false arrest accrues at time of arrest).

Here, Plaintiff does not assert the date of his allegedly false arrest. Plaintiff was tried, however, on May 30, 2003. State v. Ashford, 274 N.J. Super. at 336. Accordingly, under the most generous possible theory of accrual, he had until May 30, 2005, to file his Complaint. This Complaint is dated April 23, 2006, and this Court received the Complaint on August 21, 2006. Plaintiff alleges no facts suggesting a basis for tolling. Accordingly, the Complaint must be dismissed as time-barred.

## V.   CONCLUSION

For the reasons set forth above, the Complaint must be dismissed, with prejudice, for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It does not appear that Plaintiff could amend the Complaint to state a claim. An appropriate order follows.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated:  April 24, 2007